IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BOBBY E. BURTON, JR., | § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-18-3054 |
| LORIE DAVIS, | § § § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner, a state inmate proceeding *pro se* and impliedly seeking leave to proceed *in forma pauperis*, filed this section 2254 habeas petition challenging his 2011 Fort Bend County murder conviction. After reviewing the pleadings under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be dismissed for failure to exhaust.

Petitioner reports, and public court records show, that he pleaded guilty on December 2, 2011, to murdering his prison cell mate and was sentenced to twenty years imprisonment. He did not appeal the conviction. Petitioner left blank that portion of the petition form as to why he did not file the petition within one year after the conviction became final.

Petitioner raises one ground for federal habeas relief, asserting insufficiency of the evidence to support his guilty plea conviction. As supporting facts, petitioner states "no murder weapon." Public records in the murder case show that petitioner's cell mate

died from blunt force trauma by being repeatedly kicked or struck in the head. *State v. Burton*, Cause No. 10-DCR-054362, 400th Judicial District Court of Fort Bend County, Texas. The indictment alleged that petitioner caused his cell mate's death by kicking or striking him in the head with his hands and/or feet. Petitioner pleaded guilty to the allegations in the indictment. Thus, the "murder weapon" was petitioner's own hands and feet.

Under 28 U.S.C. § § 2254(b) (1) and (c), a federal habeas petitioner must exhaust all available state remedies before he may obtain federal habeas relief. *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995). Under this framework, exhaustion means that a petitioner must present all of his habeas claims fairly to the state's highest court before seeking relief in federal court. *Fisher v. State*, 169 F.3d 295, 302 (5th Cir. 1999). Exceptions exist only where a petitioner shows there is an absence of available state corrective process or circumstances exist that render such process ineffective. *See* 28 U.S.C. § 2254(b)(1)(B).

Although petitioner reports here that he did not seek state habeas relief, public records in his criminal case show that he filed an application for state habeas relief with the trial court in September 2012. *State v. Burton*, Cause No. 10-DCR-054362-HC1, 400th Judicial District Court of Fort Bend County, Texas. As grounds for relief, petitioner claimed that he was innocent but had pleaded guilty fearing he would receive a harsher sentence if found guilty at trial. He also claimed that he was not given a chance

to tell the court his side of the story. The Texas Court of Criminal Appeals denied habeas relief on November 7, 2012. *Ex parte Burton*, WR-52,973-03.

Petitioner did not raise a claim for insufficiency of the evidence in his application for state habeas relief, and did not file a second application. Accordingly, petitioner fails to show that he presented his instant habeas claim to the Texas Court of Criminal Appeals, and his petition must be dismissed without prejudice for failure to exhaust. The Court expresses no opinion at this time as to the timeliness or merits of petitioner's federal habeas claim.

The petition is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust. A certificate of appealability is **DENIED**. Any and all pending motions are **DENIED AS MOOT**. Petitioner's implied motion for leave to proceed *in forma pauperis* is **DENIED**.

Signed at Houston, Texas, on this the 6th day of September, 2018.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE